## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Cr. ID. Nos. 1511007472A and |
| ISAIAH PALMER, | ) | 1511007472B |
| | ) | |
| Defendant. | ) | |

Submitted: February 13, 2019
Decided: April 3, 2019

Upon Commissioner's Report and Recommendation
That Defendant's Motion for Postconviction Relief
Should Be Denied

**ADOPTED**

## ORDER

This 3rd day of April 2019, the Court has considered the Commissioner's

Report and Recommendation, Defendant's Motion for Postconviction Relief, and

the relevant proceedings below.

On July 3, 2018, Defendant Isaiah Palmer filed a Motion for Postconviction

Relief; on July 30, 2018, Defendant's Counsel submitted an Affidavit in response

to Defendant's Motion; and on October 4, 2018, the State filed its response to

Defendant's Motion. The motion was referred to a Superior Court Commissioner

1

in accordance with 10 *Del. C.* § 512(b) and Superior Court Criminal Rule 62 for proposed findings of fact and conclusions of law. The Commissioner issued the Report and Recommendation on January 31, 2019. The Commissioner recommended that Defendant's Motion for Postconviction Relief be denied.

Defendant raises one claim in his motion: Counsel's failure to call Defendant's cousin, Samuel Palmer, as a witness at trial amounted to ineffective assistance of counsel and prejudiced Defendant.

In order to prevail on an ineffective assistance of counsel claim, Defendant must meet the two-pronged *Strickland* test by showing that Counsel performed at a level "below an objective standard of reasonableness," and that the deficient performance prejudiced Defendant.[1] The first prong requires Defendant to show, by a preponderance of the evidence, that Counsel was not reasonably competent. The second prong requires him to show that there is a reasonable probability that, but for Counsel's ineffectiveness, the outcome of the proceedings would have been different.[2]

Mere allegations of ineffectiveness will not suffice. Defendant must make and substantiate concrete allegations of actual prejudice.[3] Although not

---

[1] *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984).
[2] *Id.*
[3] *Younger v. State*, 580 A.2d 552, 556 (Del. 1990).

2

insurmountable, the *Strickland* standard is highly demanding and leads to a strong presumption that Counsel's conduct fell within a wide range of reasonable professional assistance.[4] There is a strong presumption that Counsel's conduct constituted sound trial strategy.[5]

Counsel explained in his Affidavit that his decision not to call Samuel Palmer as a witness at trial was a tactical decision. Counsel explained that Samuel Palmer was with Defendant on the night the search warrant was executed. Samuel went to the police station the night the search warrant was executed and gave a statement, essentially stating all of the items seized were his and that no one else knew about them. However, Samuel's descriptions of the items seized were inaccurate. The police did not believe Samuel. Their assessment was that he was trying to take the charges for his cousin. Samuel was charged with providing a false statement to police. The State later entered a *nolle prosequi* on that charge.

An additional problem with Samuel's statement is that it did not necessarily negate Defendant's joint possession of the drugs, firearms, and ammunition. Counsel wanted to avoid any potential evidence of joint possession. Over Counsel's objection, a jury instruction on joint possession was given. This issue was raised again on appeal, and the Delaware Supreme Court held that the joint

---

[4] *Albury v. State*, 551 A.2d 53, 59 (Del. 1988); *Salih v. State*, 2008 WL 4762323, at *1 (Del.).
[5] *Strickland v. Washington*, 466 U.S. 668, 689 (1984).

possession instruction was proper. The Court gave the instruction because there were other people in the residence when the police arrived to conduct the search, and there was evidence that other people had access to the residence.

Counsel stated that Samuel wanted to testify and that he even came to Counsel's office asking to meet with Counsel. Counsel explained to Defendant and Defendant's mother that Samuel's testimony would backfire in front of the jury because his lack of knowledge, especially about the ammunition and the heroin, would damage his credibility. Counsel believed that the jury would reach the same conclusion the police reached: that Samuel was trying to assume responsibility to get Defendant out of trouble and that Samuel should not be believed.

Deciding whether or not to call a witness and how to examine witnesses are tactical decisions.[6] Great weight and deference are given to tactical decisions made by the trial attorney. There is a strong presumption that Counsel's conduct constituted sound trial strategy.[7]

Defendant has not met his burden to overcome the strong presumption that Counsel's conduct was reasonable and constituted sound trial strategy. Defendant

---

[6] *Outten v. State*, 720 A.2d 547, 557 (Del. 1998).
[7] *Strickland v. Washington*, 446 U.S. 668, 689 (1984); *Harrington v. Richter*, 131 S. Ct. 770 (2011).

4

failed to establish that Counsel's strategic decision not to call Samuel as a witness was deficient or that Defendant was prejudiced as a result. Therefore, Defendant's claim for ineffective assistance of counsel is without merit.

The Court holds that the Commissioner's Report and Recommendation dated January 31, 2019 should be adopted for the reasons set forth therein. The Commissioner's findings are not clearly erroneous, are not contrary to law, and are not an abuse of discretion.[8]

**THEREFORE,** after careful and *de novo* review of the record in this action, the Court hereby **adopts the Commissioner's Report and Recommendation in its entirety. Defendant's Motion for Postconviction Relief is hereby DENIED.**

**IT IS SO ORDERED.**

_____
The Honorable Mary M. Johnston

---

[8] Super. Ct. Crim. R. 62(a)(4)(iv).